Next up, we have United States v. Aaron Miller. Thank you, sir. Thank you. Ms. Scottco. Good morning. Excuse me. May it please the Court, my name is Anna Scottco. I represent Defendant Appellant Aaron Miller on appeal. I did not represent Mr. Miller in the proceedings below. I'll start with the good news. The majority of issues in this case are not in dispute. There is no dispute here that the appellate waiver does not apply to Mr. Miller's challenges to his conditions of supervised release. And there is also no dispute that the district court did not make an individualized assessment in determining whether to impose the challenge conditions and failed to state any reasons for imposing them on the record. Where such procedural error exists, this court may uphold the special conditions only if the court's reasoning is self-evident in the record. Excuse me, this may be a quibble, but isn't the issue, I mean, you say it's not disputed that the judge didn't make an individual assessment. What's undisputed, I think, is that there was no explanation of why. We don't know what went on, and we usually assume that the judge has considered what's in the record before the judge. So even assuming that the judge has considered what's in the record, meaning that it's self-evident in the record, in this case it is not self-evident in the record. So that is where the dispute lies, whether this court can forgive the error as being harmless. Here, the court's reasoning for imposing the substance abuse treatment condition and the search condition are both not self-evident in the record. Moreover, the record fails to support the imposition of the substance abuse treatment condition under the guidelines, and the search condition is not narrowly tailored as required when it implicates a cognizable liberty issue. This court should vacate the challenge conditions of supervised release and remand for proceedings in accordance. Well, let me ask you, because I expect we'll hear some of this from the government, and I want to be sure I understand your position. With respect to the search condition, there has to be a relationship, or there's precedent that says it should be related to the crime. The crime of conviction here is robbery, and he has a record of taking property not belonging to him. Such property and the instrumentalities of such crimes can often be found in people's homes, so I'm not sure why that isn't self-evident. He used electronic devices to communicate with co-defendants here, so to that extent I need you to address why searching his electronics is not self-evident. And also, these searches are conditioned on reasonable suspicion, so they can't go in and search for no reason. They have to have reasonable suspicion that they're going to find evidence of a violation. So at least on that first condition, help me out with why we wouldn't say it's evident on the record. So, yes, Your Honor, with respect to the search condition, the district court did not make any findings regarding the necessity of a search condition that was that broad. It ends with a right to search the defendant's effects, which basically means his property, anything. Right, because when you search the property, that's when you find whatever evidence there might be of a return to crime, right? So that's an absolutely standard provision in these search conditions. And I guess the question is, why is this not the kind of case in which it's appropriate to have an expanded license to search? So I don't believe there's anything in the record that would indicate that a license to search, for example, his cloud data storage or even whether he's ever owned or used a computer is relevant or papers, which might include a diary and also fall under effects. In terms of Your Honor's questions regarding searching his home, I would submit that that's already covered. On reasonable suspicion. I mean, I suppose if someone said, you know, I think this guy keeps a diary, you know, where he records his activities. And I have reason to believe that he's been engaged in criminal activities. That doesn't sound like probable cause to me. But that might give rise to a reasonable suspicion that maybe there is something in his diary. And maybe that diary is kept electronically. He doesn't have a computer now, but he does. He actually does. Right. We all have ones. We carry them in our pockets. Practically no one in the United States does not have a computer in his or her pocket or purse. And in that device, they store things. They have communications. And those communications could be criminal conversations. Could the search condition be limited to his phone then? Because what the government refers to as the communications were unanswered calls, showing that the two individuals knew each other and they occurred before and after their operation. I'm not sure, though, that we are talking about probable cause here and that in his criminal activities, he communicated by telephone. I'm going to suggest to you rather that shows that he uses electronic devices. He uses them in conjunction with his criminal activity. I mean, you know, his computer could have his e-mails on it. It could have any number of things. I ask this because I actually had an appeal in a case in which the defendant had committed the crime of conviction without ever using an electronic device, and that presented different circumstances. That's not your clients, though, so help me out. I agree that's not this case. And I believe, just if I can return to the standard conditions of supervision, conditions number six and number ten seem to cover a lot of what was the court's and the government's or the probation officer's concerns here. Namely, you must allow for the probation officer to visit you at your home or elsewhere at any time, and you must permit the probation officer to take items prohibited by the conditions of your supervision that he or she observes in plain view. And number ten, you must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon. One of the government's concerns was the defendant's possession of weapons because a firearm was allegedly used in a prior conviction, although they don't allege that it was by him. It was your argument that it's duplicative or it goes more than necessary. Was that urged to the district court? No, there was no objection before the district court. You know, one of the concerns I have, because we have an awful lot of these cases, nobody says anything to the district court, and it comes up to us on appeal, why aren't these things said to the district court? You don't need condition number whatever because you have these others judged. The district court would listen to that argument and make a decision. I think a candid answer is it takes a while for these things to get to people's checklists. So that means we're reviewing for plain error, right? Yes, Your Honor. As to the procedural issue, my understanding is as to the substantive reasonableness, it's still an open question in this court. May I ask you, because your time is running out, on the drugs question. I thought the defense's own expert says that he was susceptible to drug use and that it had an effect on crime. That was done to mitigate the crime of conviction. But now we're here with an expert saying that though there's no current use, he is susceptible and the expert thinks it could have an effect on his criminal conduct. Why doesn't that make it entirely reasonable for the judge to impose this condition? So it was a mitigation expert that was referring to his mother's history of substance abuse and saying that it could potentially have an impact in the future on whether or not he was susceptible to addiction, basically. Well, the judge is imposing conditions here to make sure that we don't have future crimes. And you're saying that this is not, also to the extent you object to paying for the treatment, it's only as he can afford it. I mean, that's the caveat on that condition. Any sort of treatment, though, imposes a burden on an individual that's just come out of jail. They would have to leave employment to go to such treatment, they'd have to travel, there's costs to that, time away from family that they'd have to get child care for or whatever. So there is always a financial and physical burden when it's involving outpatient treatment. Well, of course that's true. And if this were a case where the government came in with some purported expert and said, well, he hasn't been using drugs for a while and he's had some drug treatment in the past, but we think that because his mother was an addict, he's got this problem. For the future, you might have an interesting argument, but this was a strategic choice by the defendant to produce that expert and make that pitch in an effort to mitigate his sentence. I mean, one of the things, you know, all of these conditions of release, you know, having sentenced a lot of people in my time, in the district court the focus is usually on something else. Well, okay, maybe the focus should be expanded. But often because the focus is on reducing the jail sentence, strategic choices are made. Even sometimes, not true in this case, a very specific, don't lock this guy up for preventive reasons because we can handle all that with restrictions on conditions of release later on, right? And here you have this choice being made. We're going to highlight his proclivities towards certain kinds of conduct like drug use. So you shouldn't really hold it all against him as seriously as if he made a cold and calculating choice to rob people. And once you do that, it's a little difficult to say you can turn around and say, oh, no, no, he doesn't have any of those drug problems really, when the judge says, okay, well, I'm going to try and prevent that kind of problem from eventuating. So I see I'm out of time. May I respond? With regard to what was presented during sentencing, in the sentencing transcript, defense counsel did not mention drug use at all in his presentation. The mitigation was presented mostly as a result of his traumatic childhood, the abuse and neglect that he suffered, his very shortened education, et cetera. And here, if I may, the evidence actually indicates the opposite regarding whether a substance abuse treatment program should be applied. First, he already participated in a drug treatment program in 2023 while he was incarcerated awaiting sentencing. Second, everything in the pre-sentence report indicates that he did not have a drug problem and had no history of abuse and was not at present abusing any controlled substances. It said that he denied any problems with drug or alcohol, denied it ever being an issue in the past. He had no positive tests or involvement in drug-related crimes at all. He said he had last consumed some wine in 2021, but it made him sick because he has severe pancreatitis, and to smoking marijuana, a substance that is legal in New York, in 2022. Neither one rose to the level of abuse or interference with his daily activities. So I don't want to cut off your exchange here, but I think we're going to get to hear from you again. So why don't we hear from the government and then hear you back. Thank you, Your Honor. Thank you. Good morning, Your Honors, and may it please the Court. I am Assistant U.S. Attorney Remy Grossbard, and I represent the United States in this appeal. I'll pick up on the pre-sentence report and what it said about Mr. Miller's substance abuse history. Mr. Miller told probation that he began using marijuana at age 15 or 16, smoked two to three blunts per day, one to two times per day at the height of his use, and continued to smoke marijuana until 2022, which is when he was arrested and detained on this offense. Mr. Miller's sentencing submission, and I apologize this was not in the brief, but stated, and I quote here, that he regularly used marijuana since age 13 until his arrest. Mr. Miller's sentencing submission, as was just discussed, also noted that he is at, quote, increased risk for substance abuse due to his birth mother's history of substance abuse. So let me ask a question. The history that we've been talking about all focuses on marijuana use, which, as we know, is under federal law not legal. So there's sort of a condition that has the effect of prohibiting marijuana use by testing and other things. It doesn't restrict the liberty that you otherwise have. But the condition throws in alcohol, and it requires testing to determine whether you have, quote, reverted to using drugs or alcohol. I don't think there's any evidence that he had a history of using alcohol. But putting aside the use of the term reverted, because I know it's kind of a stock condition, am I right in reading that condition as suggesting that even though alcohol use is entirely legal, if he tests positive for alcohol consumption, he will be sent up for a probation violation under this condition? I think that this is just a treatment provision. It's not a ban on his use of alcohol. So if he tests positive for drinking alcohol, then maybe that would be addressed in the treatment program. But there's a separate type of special condition of supervised release that can include full bans on the use of alcohol, and that was not imposed on this case. Okay, so the way we should understand this condition is that it's agnostic as to actually his use of any substances, alcohol or marijuana, but that there's a testing provision that would facilitate the treatment process. And as long as he participates in that treatment program, he's not in violation of his condition, even if he's actually using. In violation of this condition, that's correct. Okay, that's helpful. Thank you. But there is, I mean, if he used marijuana, technically at least he would be in violation of what I'm sure is a standard condition. I'm sure it's here that he not commit any crimes while on supervision. Right, that's why I limited what I was saying to this particular condition. Right, understood. But there is... But there's no such problem with his use of alcohol. Exactly. So what if the treatment provider says, I think you need to abstain from alcohol? And he says, well, I want to have a beer when I watch the Super Bowl. Does that set him up for violation? I'm really just trying to sort of figure out, and I'm especially focused on the alcohol piece because my antenna kind of catches when there are conditions that get into lawful activity. What happens in that case? I think in a case like that, there would be a discussion between the provider who provides the treatment program and probation and Mr. Miller and his counsel, and there could be pushback on that if Mr. Miller wanted to object to that type of treatment being imposed. I think there could be... So the condition gives the treatment provider the authority to determine the parameters of behavior beyond what is in the other probation condition? The treatment condition only permits the provider to provide treatment. I don't think, based on my experience, that the treatment provider can order Mr. Miller to do X, Y, and Z. I think that has to be a court order. And it wouldn't set him up for a violation of the condition of supervised release if he defied his treatment provider's recommendation not to drink alcohol. I assume that wouldn't set him up for a violation. I do not believe that would set him up for a violation. It would set him up for a violation if he didn't attend treatment when he was supposed to. It would at most, I suppose, if the treatment provider was concerned that, should it be the case at some point that Mr. Miller no longer has a physical condition that keeps him from drinking, and he starts to drink, and the treatment provider thinks that this is getting to be a real problem for him. I take it the treatment provider's remedy, if that's the right word, would be to go to the probation officer and suggest that the probation officer go back to court and have an additional condition imposed that prevents him from drinking. And then that would be up to the judge as to whether there is some showing that that would be an appropriate condition to add. That's exactly right. And similarly to the extent that he's put into a treatment program that has conditions, whether about alcohol or about days of the week or about anything else that he felt he couldn't or didn't want to comply with, he could go to the court and ask for a modification. The normal remedy in these types of cases is that during the term of supervised release, the defendant can always go to the court and ask for certain modifications. So let me ask you a little bit about this search condition. I gather the hook, and I'm really focused. I'm not focused on the concept of a search condition. I'm focused on the breadth of the search condition, and in particular data storage devices, et cetera, et cetera. We're not saying you can look at my phone. We're saying you can look at my phone and you can look at any hard drives I have and anything else. It's a condition that sort of intuitively makes sense in the context of child sexual abuse material that's obtained from the Internet and stored and things like that, and that's, I think, what the sentencing guidelines the commission had in mind when it sort of described that condition. I gather the theory here is anyone who uses a phone and therefore is using electronic media, it becomes a reasonable scope of a search condition to include computer, other electronic communication, data storage devices, and cloud storage or media to dispense with the ordinary probable cause requirement for the state to get at those things and to reduce it to the reasonable suspicion for the person on supervised release. I think that's a little bit broader than either what this court's case law has said and even what has happened here. I think typically and here what this court has looked at is whether a defendant is using his cell phone in furtherance of a crime, and that comes up frequently in cases where there are conspiracies and there is evidence that a defendant has used his cell phone to communicate with other members of the conspiracy. So why wouldn't the scope of that condition be to get at your cell phone and any records as to your cell phone usage? I think that this condition is imposed not only because it's also imposed as a deterrent effect. I think a lot of people might delete something from their cell phone, but it could be backed up onto a cloud storage. And in this case, right? But in this case, right, the reasoning that probation offered for offering this condition was that he used a hammer, right? So fine, have a search condition. They can get at the hammer and other weapons. But the emphasis was on the severity of the crime and the use of the hammer, but there was nothing to suggest that the, I mean, this would be videos, all your family VHS tapes and CDs from childhood that are in your attic. I mean, this would be really broad. Your Honor, but it is upon reasonable suspicion. I understand that. But normally we don't let the government get at those things without probable cause. So it is saying because you've been convicted of this crime, right, that you have to tie it to, it's not you're a bad person and therefore you've lost your constitutional rights, right? The way we deal with these conditions of supervised release is that they have to be reasonably tied to the crime and the individual to address the issues at hand. And so I guess that's what I'm trying to get at the scope, and I'm still not hearing something that's grabbing me. I think what is motivating this line of cases here and sort of the breadth of allowing other cloud storage devices is that this condition is applied in recidivist cases where this is not the first crime the defendant has committed. In this particular case, part of what helped the government identify this defendant was that his social media, which was attached to his phone, but social media exists more broadly. But they found his social media. They didn't find his social media by looking at his phone, right? They found his social media by looking on the Internet. They don't need a search condition to see what he's posting on the Internet. Or am I missing something? No, there are other ways. One possible way is for a search condition. If you search someone's cell phone, you could find their social media on their cell phone directly. Actually, another way would be to get a warrant for their social media account. So you don't need the physical device in order to review their social media. And so what's happening here is having found it through the means you've indicated on social media, which may require warrants or whatever, now having been convicted the court is imposing it directly on his own devices. That's correct. I take it that like his phone records, like his texts, like his e-mail accounts, possibly given that he is a robber, Google searches of locations he may be casing, so to speak. That's the kind of thing you want to be able to search for on reasonable suspicion. That's exactly right. And I take it that with respect to the physical search condition, it's not a search condition that allows the government on reasonable suspicion to look for hammers, right? It entitles the government to look for on reasonable suspicion, or the probation department to look on reasonable suspicion for things like potential proceeds of a robbery, for example, which might be in a small drawer that wouldn't fit a hammer. In this case, jewelry. Right, exactly. And the idea is that with a recidivist offender in certain kinds of cases, although I must admit I have a hard time figuring out what kinds of crimes wouldn't give rise to some kind of evidence that might be in someone's house. But these are pretty standard conditions for things like narcotics offenses, for example, where you have someone who's been involved in recidivist drug dealing. And, you know, the computer is one interesting feature of it. But the idea is that there can be searches on less than probable cause. There are states in which that is given as a power to probation officers, and that's been before the Supreme Court, and the constitutionality of that has been upheld. That doesn't mean it's authorized by federal law, but it's an interesting, you know, that's the concept. And even this court has held that a completely suspicionless search of an individual on supervised release could be permissible. Okay, and we're not going to want to open the can of worms about suspicionless searches. That would be a whole other argument. But thank you for your argument. We'll hear from Attorney Scott Koh. Thank you, Your Honors. I just want to return to the substance abuse treatment condition, because I think actually looking at the text of the guidelines that the government emphasizes in its brief is helpful here. It says that the court has to have reason to believe that the defendant is, in the present tense, is an abuser of narcotics-controlled substances or alcohol. It doesn't say had a history of periodically using or has the potential, because the birth mother was addicted, to have an addiction problem. It says is an abuser. And I think if nothing else, then being labeled a current abuser of narcotics, other controlled substances and alcohol, is itself a deprivation of liberty that should not be imposed unless the facts really support it, which they don't here. I also think in terms of the concern about testing resulting in a violation, that's covered by mandatory condition number three, which does subject the appellant to periodic drug testing for controlled substances, and that would be a violation of that condition that would potentially return him to jail. We don't need to add on a treatment condition on top of that for someone who is not currently an abuser of such substances. With respect to the search condition, we can all come up with hypothetical things that could be found on a cloud storage or in a drawer or whatever, but the only justification for the search condition that was provided was by a probation office that said it was to ensure the safety of the community because the defendant used a hammer. And that, to me, implies only a justification for a physical search of a residence or a vehicle. Not an electronic search of cloud data storage. When it affects a cognizable liberty issue, whether the search is based on reasonable suspicion or without reasonable suspicion, the court must narrowly tailor the conditions. And here, the conditions were not narrowly tailored at all. It was a reflexive imposition of standard stock terms that includes effects. So everything, everything can be searched. So I'm wondering how the standard of review plays in here. Because essentially what I think the government is urging us to do is backfill the reasoning or lack thereof from the district court with this theory about he used a phone, and that makes the reason for the breadth of this condition obvious on its face. In a normally preserved objection, I don't think that kind of backfilling is, in my view, proper. We're dealing with a plain error. And so the question of sort of is it obviously wrong, is there prejudice and other things, is there more room for that kind of imaginative, not imaginative, reading of the record in a way that's not clearly adopted by the district court, but we can sort of construct an argument. Is there more room for that on plain error review, and is that, how do we deal with that in terms of your case? So I think here, Your Honor, we are on plain error review with respect to the procedural reasonableness of the condition. With regard to the substantive reasonableness of the condition, which would relate to the breadth of the actual words that are in the written judgment, I believe that's based on an abusive discretion standard. This court hasn't actually found that substantive reasonableness objections are subject to plain error review or sentences. But we come back to the problem I raised with you at the start, which is nobody says to the district court, I think this is overbroad. Indeed, the day after we enter judgment in this appeal, you could go to the district court and say whatever you wanted in the district court would be able to reconsider. I mean, so how do you show that there's an abusive discretion here if that's the standard? Because the condition was not narrowly tailored at the time it was imposed, I'm not certain that I could go. But you argue narrow tailoring. I mean, we are in a situation where the nature of the crime is one that with a recidivist creates a risk. The property that's been stolen might be on his premises or the instrumentalities of such a crime. And we know he's used electronic devices to communicate with a co-defendant. So if you want this narrowly tailored, that seems to be something the district court ought to do so that you can say, OK, the phone, but not the computer. Or OK, the computer for this kind of file, but not that kind of file. But that, I mean, are you asking us to do that kind of tailoring? No, you want it wiped out altogether. And that doesn't seem to be very sensible either. Actually, the relief we're requesting is to vacate the two challenge convictions and remand to the district court. Remand for resentencing? OK. Thank you. Just one other thing. You referred to the sentencing guidelines. The sentencing guidelines don't limit the use of a drug treatment condition to the circumstances that you described, right? Yeah. What the sentencing guidelines say is the following conditions are recommended in the circumstances described and, in addition, may otherwise be appropriate in particular cases. So where that present drug abuse is there, the guidelines affirmatively recommend that this condition be imposed, though that recommendation isn't binding on the district court either. The district court could say, I don't think it's really necessary here. But in other appropriate cases, aren't we just back to the usual abuse of discretion standard as to whether this is a reasonable decision to have made? Yes, Your Honor. This court has said that where there is pertinent policy guidelines, which the sentencing guidelines and commentary are one of, that the district court must consider those in determining. Right. But the only thing the guidelines say is if this circumstance is present, we really recommend that you impose this. It doesn't say in other cases don't. It says it may otherwise be appropriate in particular cases. And I raise that because that is entirely what the government relies on in its brief in opposition, is this particular guideline saying that the court was justified because of this particular guideline. And we would respectfully say, no, it does not fall under that guideline. Thank you. Appreciate both your arguments. We'll take this under advisement.